

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Vicente Troy Hunt,

    Plaintiff,

v.      Civil Action No. 17-2144 (UNA)

United States of America *et al.*,

    Defendants.

MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. The Court will grant the application and dismiss the complaint for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" it determines that subject matter jurisdiction is wanting).

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute," and it is "presumed that a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action.

Plaintiff, a District of Columbia resident, sues the United States, seeking "to bring to justice those civil servants guilty of dereliction of duty," which allegedly "caused" his daughter "to be left in a foreign country, in the hands of murdering foreign nationals." Compl. at 1.

Plaintiff alleges that his daughter, now age 15, "was abducted as an infant from the arms of her mother who was killed for refusing to give up her daughter." *Id.* Allegedly, the daughter is being held against her will in Mexico "until she reaches the age of 18 . . . whereby she can be forced to sign over her inheritance." *Id.* Her captor, allegedly a member of a Mexican drug cartel, "needs [plaintiff's] power of attorney to be able to take over the family wealth since [plaintiff is] the official trusty and guardian of [his] daughter's inheritance." *Id.* Plaintiff further alleges that the rescue of his daughter was "ordered" in September 2007. He suggests that did not occur "due to the negligence of [an] FBI Special Agent," who refused "to follow a direct order and procedure to pick up [plaintiff's] daughter." *Id.* at 2. But plaintiff does not seek monetary relief, which is the only available remedy for claims against the United States for certain tortious conduct, including negligence, committed by its employees. *See* 28 U.S.C. §§ 1346(b), 2679. Nor has plaintiff suggested that he presented such a claim to the appropriate agency.[1]

As relief, plaintiff seeks (1) to "[s]ecure the freedom of [his daughter] by means of [an] Extradition Order from Sinaloa, Mexico to the United States whereby she's united with her father," and (2) to "[f]acilitate the transfer of all [of the daughter's] inherited funds . . . to the U.S. to be placed under the guardianship/ conservatorship of [plaintiff]," as her biological father. *Id.* at 3. Notwithstanding the dubious nature of plaintiff's allegations, any recourse he may have

---

[1] A negligence claim against the United States is authorized by the Federal Tort Claims Act, which requires that the claim first be "presented in writing to the appropriate Federal agency within two years after such claim accrues[.]" 28 U.S.C. § 2401(b). It is established in this circuit that an FTCA claim not previously presented to the appropriate agency is barred on "jurisdictional" grounds. *Ali v. Rumsfeld*, 649 F.3d 762, 775 (D.C. Cir. 2011) (citation and internal quotation marks omitted); *see accord Simpkins v. District of Columbia Gov't*, 108 F.3d 366, 371 (D.C. Cir. 2007). Even if plaintiff has intended to bring such a claim, then, nothing in the complaint suggests that he has satisfied the FTCA's presentment requirement to avoid dismissal for want of subject matter jurisdiction.

would lie in Mexico where his daughter and her inheritance are allegedly located. Furthermore, the United States' extradition statute is inapplicable because it is a criminal statute that confers jurisdiction in U.S. federal courts to hold proceedings "relating to the surrender of persons who have committed crimes in foreign countries . . . during the existence of any treaty of extradition with such foreign government." 18 U.S.C. § 3181(a); *see id.* § 3184. Nothing in the statutory text creates a private cause of action, and such an action is "rarely implied . . . under a criminal statute[.]" *Lee v. United States Agency for Int'l Dev.*, 859 F.3d 74, 77 (D.C. Cir. 2017) (citation and internal quotation marks omitted)). Hence, this case will be dismissed. A separate order accompanies this Memorandum Opinion.

Date: November 6th, 2017

United States District Judge